1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  JOHNNY M. WARE,                    )    NO. EDCV 15-620-ODW (AGR)
12              Petitioner,            )
13         v.                          )
14                                     )    ORDER TO SHOW CAUSE
    R. MADDEN, Warden,                 )
15              Respondent.            )
16                                     )
17  _____
18
19         On April 1, 2015, Petitioner filed a Petition for Habeas Corpus pursuant to
20  28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year
21  statute of limitations has expired.
22         The court, therefore, orders Petitioner to show cause on or before **May 6,**
23  **2015** why this court should not recommend dismissal of the petition with prejudice
24  based on expiration of the one-year statute of limitations.
25
26
27
28

## I.

## **PROCEDURAL BACKGROUND**

On November 4, 2010, a San Bernardino County jury convicted Petitioner of residential burglary and forcible rape. (Petition at 2.) Petitioner was sentenced to prison on December 20, 2010. *(Id.)*

On July 17, 2012, the California Court of Appeal reduced Petitioner's sentence for the forcible rape from 25 years to life to 15 years to life. The court affirmed the judgment in all other respects. *People v. Ware*, 2012 WL 2899061, *1 (Cal. App. Ct. July 17, 2012).

Petitioner states he filed a petition for review with the California Supreme Court with an "unknown" case number. (Petition at 3.) However, a review of the California Appellate Courts Case Information online docket indicates that a petition for review was not filed on direct appeal.

On July 31, 2013, Petitioner filed a habeas petition in the San Bernardino Superior Court, which was denied on September 23, 2013. (Petition at 3-4); *see also* San Bernardino Superior Court online docket in Case No. WHCSS1300327 (last visited on April 6, 2015).

On December 3, 2013, Petitioner filed a habeas petition in the Court of Appeal, which was denied on December 11, 2013. (Petition at 4); *see also* California Appellate Courts Case Information online docket in Case No. E060118.

On September 8, 2014, Petitioner filed a habeas petition in the California Supreme Court, which was denied on February 18, 2015, raising the same issues he raised in the Court of Appeal. (Petition at 4-5) *see also* California Appellate Courts Case Information online docket in Case No. S221120.

On March 17, 2015, Petitioner constructively filed the instant petition in this court in which he raises four grounds. (Petition at 5-6; back of envelope.)

|  |  |
|---|---|
| 1 | **II.** |
| 2 | **STATUTE OF LIMITATIONS** |

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days after the Court of Appeal affirmed the judgment (July 17, 2012) on August 27, 2012 (August 26, 2012 is 40 days from July 17 but if fell on a Sunday). *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitations expired a year later on August 27, 2013. Absent tolling, the petition is time-barred.

#### 1.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first habeas petition in the Superior Court on July 31, 2013. At that point, he had 27 days remaining in the limitations period (August 27, 2012 to July 31, 2013 is 338 days; 365 - 338 = 27).

The Court of Appeal denied his habeas petition on December 11, 2013. Petitioner did not file his last habeas petition in the California Supreme Court until September 8, 2014, 271 days after the Court of Appeal's denial. The

unexplained 271-day gap is unreasonable.  *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 224, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) *(*unexplained delay of 101 days is unreasonable).

The petition here was constructively filed 27 days after the California Supreme Court denied Petitioner's habeas petition on February 18, 2015. Petitioner had precisely 27 days remaining in the limitations period as of February 18, 2015, but only if the 271-gap were tolled.  Therefore, barring equitable tolling or a different accrual date, the petition is time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

**B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

In Ground Three, Petitioner alleges his trial counsel was ineffective based on counsel's "inadequate investigation." (Petition at 6.) Although Petitioner does not indicate what counsel should have investigated, Petitioner would have known by the end of his trial at the latest that his counsel's investigation was inadequate. Therefore, the discovery date of this subclaim does not assist Petitioner.

Petitioner also alleges that counsel "allowed petitioner to testify before the conclusion of the prosecution's case" and that Petitioner was later "cross-examined at the conclusion of the States' presentation." Petitioner alleges that counsel's actions were "highly prejudicial." (*Id.*) Again, Petitioner was aware of the factual predicate of his claim at the latest by the end of his trial, and the discovery date of this subclaim does not assist Petitioner.

In Ground Four, Petitioner claims that his appellate counsel was ineffective for failing to raise all the claims Petitioner presented in his habeas petitions. At the latest, Petitioner was aware of the factual predicate of this claim at the time counsel submitted his opening brief to the Court of Appeal. Accordingly, the discovery date of Ground Four does not assist Petitioner.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before *May 6, 2015* Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  April 6, 2015

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge